IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEONNA LEWIS,

        Plaintiff,                              No. CIV S-06-2770 WBS EFB PS

    vs.

MICHAEL J. ASTRUE,                  FINDINGS AND RECOMMENDATIONS
Commissioner of Social Security,

        Defendant.
                                /

       This case was referred to the undersigned under Local Rule 72-320(c)(15) and (21), pursuant to 28 U.S.C. § 636(b)(1). The court previously granted plaintiff, who is proceeding *in propria persona*, leave to proceed *in forma pauperis*.

       This action is proceeding on the complaint filed by plaintiff on December 7, 2006. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"). Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56(c). Plaintiff filed an opposition to defendant's motion, after being ordered to do so by the court. Upon consideration of all submitted papers, the court recommends that defendant's motion be granted.

1

I. BACKGROUND

Plaintiff was denied Social Security disability benefits on April 26, 2006, by an administrative law judge ("ALJ"). *See* Def.'s Mot. to Dism., Decl. of Joan Devera, Exh. 1. Plaintiff alleged disability since December 21, 2001, due to chronic fatigue syndrome, fibromyalgia, anxiety, depression, vertigo, Meniere's disease, and obesity. *Id.* The ALJ found that plaintiff was not disabled and that she was capable of performing her past relevant work as an administrative assistant, legal assistant, and paralegal. *Id.*

Plaintiff sought review of that decision, and on August 25, 2006, the Appeals Council denied her request for review. *See Id.*, ¶ 3(a), Exh. 2. The Notice of Appeals Council Action advised plaintiff of her right to seek district court review of the decision, and explained that such an action had to be filed within sixty days after plaintiff's receipt of the decision. *Id*. The decision was mailed to plaintiff on August 25, 2006. *Id.*

Under applicable agency regulations, the Notice of Appeals Council Action was presumptively received by plaintiff on August 30, 2006. 20 C.F.R. §§ 404.901, 422.210(c) (providing that "date you receive notice" means five days after the date on the notice unless otherwise demonstrated). Accordingly, plaintiff is presumed to have received the decision on August 30, 2006, and she has not made any showing or allegation to the contrary.

Plaintiff did not file the present action until December 7, 2006, more than ninety days after her receipt of the Notice of Appeals Council Action denying her request for review, and more than thirty days after the filing deadline had passed. Defendant therefore moves the court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), as it is evident from the face of the complaint that it was not timely filed. In the alternative, defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56(c), on the ground that there is no issue of material fact and that defendant is entitled to judgment as a matter of law.

////

////

## II. DISCUSSION

Defendant moves for dismissal under both Fed. R. Civ. P. 12(b)(6), and 56(c), and the court recommends that defendant's motion be granted pursuant to both rules.

### A. Standards

#### 1. Rule 12(b)(6)

A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief. *NOW, Inc. v. Schiedler*, 510 U.S. 249, 256 (1994); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

3

1  drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.
2  1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact.
3  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

4  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
5  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure
6  its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before
7  dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,
8  809 F.2d 1446, 1448 (9th Cir. 1987).

9      2. <u>Summary Judgment</u>

10  Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact,
11  and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).
12  Summary judgment avoids unnecessary trials in cases with no disputed material facts. *See*
13  *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.
14  1994). At issue is "whether the evidence presents a sufficient disagreement to require
15  submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."
16  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Two steps are necessary. First,
17  according to the substantive law, the court must determine what facts are material. Second, in
18  light of the appropriate standard of proof, the court must determine whether material factual
19  disputes require resolution at trial. *Id.,* at 248.

20  When the opposing party has the burden of proof on a dispositive issue at trial, the
21  moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v.*
22  *National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). The moving party need only point to matters
23  which demonstrate the absence of a genuine material factual issue. *See Celotex v. Cattret*, 477
24  U.S. 317, 323-24 (1986).

25  If the moving party meets its burden, the burden shifts to the opposing party to establish
26  genuine material factual issues. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986).[1] The opposing party must demonstrate that disputed facts are material, i.e., facts that might affect the outcome of the suit under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that disputes are genuine, i.e., the parties' differing versions of the truth require resolution at trial, *see T.W. Elec.*, 809 F.2d at 631. The opposing party may not rest upon the pleadings' mere allegations or denials, but must present evidence of specific disputed facts. *See Anderson*, 477 U.S. at 248.[2] Conclusory statements cannot defeat a properly supported summary judgment motion. *See Scott v. Rosenberg*, 702 F.2d 1263, 1271-72 (9th Cir. 1983).

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See Anderson*, 477 U.S. at 249, 255. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322).

If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court should grant summary judgment.

////

---

[1] The nonmoving party with the burden of proof "must establish each element of his claim with significant probative evidence tending to support the complaint." *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (internal quotations omitted). A complete failure of proof on an essential element of the nonmoving party's case renders all other facts immaterial, and entitles the moving party to summary judgment. *Celotex*, 477 U.S. at 322.

[2] A verified complaint may be used as an affidavit in opposition to the motion. *Schroeder v McDonald*, 55 F. 3d 454, 460 (9th Cir. 1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam).

B. <u>Application</u>

District court review of the Commissioner's final decisions on claims arising under Title II or Title XVI of the Social Security Act is provided for in section 205(g) of the Act. 42 U.S.C. § 405(g). More specifically, section 205(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 205(h) further provides that "no findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Thus, the remedy provided by section 205(g) is the exclusive remedy for a claimant seeking review of a final decision of the Commissioner, and such relief must be sought by filing an action in district court within sixty days after receipt of the notice of the decision.

The 60-day requirement is a statute of limitations, and is not jurisdictional. *Bowen v. New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328, n.9 (1976)); *Vernon v. Heckler*, 811 F.2d 1274, 1275 (9th Cir. 1987). The statute itself provides that the Commissioner has discretion to toll or extend the deadline. 42 U.S.C. § 405(g) (claimant must file a civil action "within sixty days after the mailing . . . of notice of such decision *or within such further time as the Commissioner of Social Security may allow*.") (emphasis added).

In most cases, the Commissioner will make the determination whether it is proper to extend the period within which review must be sought, and deference is given to the agency's judgment in that regard. *Bowen*, 476 U.S. at 480. Here, there is no evidence that plaintiff sought leave from the Commissioner for an extension of time prior to filing this civil action. It is clear, however, from defendant's motion that the Commissioner does not waive his statute of limitations defense.

////

1  "The statute-of-limitations defense may be raised in a motion to dismiss when the running
2  of the statute is apparent from the face of the complaint." *Vernon v. Heckler*, 811 F.2d 1274,
3  1278 (9th Cir. 1987) (citing *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir.
4  1980)).

5  Here, it is clear from the face of the complaint that plaintiff did not timely file this action.
6  Again, under applicable statutes and regulations, plaintiff was required to file this action within
7  sixty days after the Notice of Appeals Council Action was mailed to her.  42 U.S.C. § 405(g).
8  "Mailing is construed as the date of receipt of the notice, which is presumed to occur five days
9  after the date of the notice." *Vernon*, 811 F.2d at 1277 (citing 20 C.F.R. § 422.210(c)) (internal
10 quotations omitted).  The Notice of Appeals Council Action was mailed on August 25, 2006, and
11 therefore presumptively received by plaintiff on August 30, 2006.  De Vera Decl., at ¶ 3(a), Exh.
12 2.  Plaintiff's complaint is date-stamped December 7, 2006 – more than thirty days after the
13 October 30, 2006, filing deadline.

14 A Rule 12(b)(6) motion should be granted "only if the assertions of the complaint, read
15 with the required liberality, would not permit the plaintiff to prove that the statute was tolled."
16 *Vernon*, 811 F.2d at 1278 (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.
17 1980)) (internal quotations omitted).  Plaintiff makes no allegation in the complaint or in her
18 opposition that she did not receive the notice.  Further, she alleges nothing in the complaint
19 regarding its untimeliness, let alone any reasons as to why the statute of limitations should be
20 tolled.  Accordingly, dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate, and the court
21 recommends that defendant's motion be granted on that basis.

22 Alternatively, the court recommends dismissal on defendant's motion for summary
23 judgment.  Liberally construing plaintiff's opposition as an assertion of the equitable doctrine of
24 tolling, the court finds that plaintiff has failed to present sufficient evidence or argument on that
25 issue.  For the first time, plaintiff asserts in her opposition that she received the notice, but that
26 ////

1  because of her depression and other symptoms, she failed to take timely, appropriate action. *See*
2  Pl.'s Opp'n, at 1-2.

3        The Supreme Court has acknowledged that "certain cases may arise where the equities in
4  favor of tolling the limitations period are 'so great that deference to the agency's judgment [in
5  denying an extension under § 206(g)] is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting
6  *Eldridge*, 424 U.S. at 330).

7        Again, even though there is no evidence that plaintiff ever requested an extension of time
8  from the Commissioner before filing this action,[3] based on defendant's briefing, it is clear that the
9  Commissioner has chosen not to overlook the untimeliness of plaintiff's action.

10        The court ordered plaintiff to file an opposition to defendant's motion to dismiss, or
11  alternatively, motion for summary judgment, and plaintiff timely responded, but presented little
12  argument or evidence to counter the arguments raised in defendant's motion.  Indeed, it is
13  undisputed that plaintiff was denied Social Security benefits, and that the Appeals Council denied
14  plaintiff's request for review of the post-hearing decision.  It is also undisputed that plaintiff
15  received the Notice of Appeals Council Action, but did not file this action until more than thirty
16  days after the filing deadline.

17        In her opposition, plaintiff asserts that she did not initiate the action due to her illness.  In
18  support of this, plaintiff attaches a letter from her mother to the Administration, in which her
19  mother explains that plaintiff had received the notice, but due to her chronic depression, fatigue,
20  panic attacks and pain, did not timely respond to it.  Pl.'s Opp'n, at 2.  Plaintiff submits no other
21  evidence in support of her opposition.

22        The burden is on the party asserting the doctrine of equitable tolling to establish facts
23  justifying its application.  "Generally, a litigant seeking equitable tolling bears the burden of
24  establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

---

25
26      [3] In fact, in her opposition, plaintiff asserts that she did not request an extension with the Appeals Council until twenty-two days *after* filing this action.  *See* Pl.'s Opp'n, at 1.

8

extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, plaintiff has not alleged such diligence, let alone offered any admissible evidence to prove it. In fact, the evidence she has offered cuts against a finding that plaintiff diligently pursued her rights. Further, although it appears from the letter written by plaintiff's mother that plaintiff's fatigue, depression and other symptoms contributed to her delay, the fact that plaintiff received, but declined to respond to her mail establishes neither diligence nor "extraordinary circumstances" sufficient to justify tolling, especially in light of the Commissioner's position that tolling is inappropriate in this case.

Indeed, as the Ninth Circuit acknowledged in *Vernon*, establishing a basis for the doctrine of equitable tolling of the statute of limitations is no easy feat. *Vernon*, 811 F.2d at 1278 (noting the Supreme Court's comments in *Bowen* that tolling is appropriate in rare cases, such as where the government's secret conduct prevents plaintiffs from learning of their rights).

Although the Court in *Vernon* found that dismissal under Rule 12(b)(6) was inappropriate, that facts in that case are far different from those here. In *Vernon*, the claimant filed his civil action only a few days after the filing deadline, had diligently searched for, but was unable to obtain, a lawyer to represent him, and on the very day the complaint was due, spoke with an Administration employee who told him "not to worry" and that the agency would give him an extension. Assuming this meant the district court would grant him the extension, he did not apply for an extension from the Appeals Council under 42 U.S.C. § 405(g). *Vernon*, 811 F.2d at 1275-76.

In light of those circumstances, the court found that the "statute of limitations" issue was "not so clear-cut as to justify its resolution prior to affording" the claimant an opportunity "to delineate a further factual basis for equitable estoppel or tolling," even though it expressed doubts about his ability to do so. *Id.*, at 1277-78. The court ordered that the issue could "be tested on

////

summary judgment pursuant to Fed. R. Civ. P. 12(b) or after a responsive pleading ha[d] been filed." *Id.*, at 1278.

Here, plaintiff exercised no such diligence with regard to the filing of this action. Further, she has alleged no facts showing extraordinary circumstances to justify tolling (such as reliance on an agency employee's representations), nor has she presented sufficient evidence on that issue. In sum, plaintiff has pointed to no "equities in favor of tolling the limitations period [that] are so great that deference to the agency's judgment is inappropriate." *Banta v. Sullivan*, 925 F.2d 343, 346 (9th Cir. 1991) (quoting *Bowen v. City of New York*, 476 U.S. at 480) (affirming dismissal of claimant's action to review a denial of disability benefits as untimely where claimant received no response from the agency after requesting an extension of the sixty-day deadline and failing timely to file the action).

Accordingly, the court finds that there is no genuine issue of material fact on the statute of limitations issue, and that defendant is entitled to judgment as a matter of law. Thus, the court recommends that defendant's motion in the alternative for summary judgment be granted.

III.  CONCLUSION

In accordance with the foregoing, IT IS RECOMMENDED that:

1. Defendant's motion to dismiss be granted; and alternatively,

2. Defendant's motion for summary judgment be granted; and,

3. This action be dismissed and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

1  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951

2  F.2d 1153, 1157 (9th Cir. 1991).

3  DATED:   November 27, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE